**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

-------------------------------------------------

ERIC MACPHERSON                          :
1471 Little Conestoga Road               :        CIVIL ACTION NO.:
Glenmoore, PA 19343                      :
                          Plaintiff,     :
                                         :
          v.                             :        **JURY TRIAL DEMANDED**
                                         :
WHOLE FOODS MARKET                       :
1563 Fruitville Pike                     :
Lancaster, PA 17601                      :
                          Defendant.     :

-------------------------------------------------

**COMPLAINT – CIVIL ACTION**

Plaintiff, Eric Macpherson ("Plaintiff"), by and through his undersigned attorney, for his

Complaint against the Whole Foods Market ("Defendant"), alleges as follows:

**INTRODUCTION**

1.      Plaintiff brings this Amended Complaint contending that Defendant interfered with

the exercise of his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601,

*et seq.,* and retaliated against Plaintiff for exercising and/or attempting to exercise his rights under

the same.

2.      Plaintiff further brings this Complaint contending Defendant violated the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and Pennsylvania Human

Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* with respect to discrimination on the basis of his

disabilities and in retaliation for his requests for reasonable accommodations in connection thereto.

3.      Plaintiff further brings this Complaint contending that Defendant unlawfully

discharged him from employment in retaliation for Plaintiff asserting his rights under the

1

Pennsylvania Workers' Compensation Act, in violation of Pennsylvania state common law and public policy.

## PARTIES

4.      Plaintiff, Eric Macpherson, is a citizen of the United States and the Commonwealth of Pennsylvania, and currently maintains a residence at 1471 Little Conestoga Road Glenmoore, PA 19343.

5.      Upon information and belief, Defendant, Whole Foods Market, is a for-profit company organized and existing under the laws of the State of Delaware and maintains a place of business located at 1563 Fruitville Pike Lancaster, PA 17601.

## JURISDICTION AND VENUE.

6.      The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

7.      On or about April 29, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (c). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2025-05708.  Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

8.      By correspondence dated April 28, 2026, Plaintiff received a Notice of Rights to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

9.      Plaintiff filed the instant action within the statutory time frame applicable to his claims.

10.    Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

11.    This is an action authorized pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

12.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

13.    The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as the federal claims.

14.    The venue in this district is proper to 28 U.S.C. § 1391, inasmuch as Defendant conducts business therein and the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

15.    The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth at length herein.

16.    Upon information and belief, Defendant has employed fifty (50) or more employees within a seventy-five (75) mile radius of Plaintiff's worksite at 1563 Fruitville Pike Lancaster, PA 17601, during at least twenty (20) workweeks in 2026, 2025, and 2024.

17.    Plaintiff began his employment with Defendant in or around March 2020 in the position of Department Leader.

18.    At all times material hereto, Plaintiff performed his job well, receiving occasional praise and no justifiable discipline.

19.     Plaintiff's duties included, but were not limited to, the creation of employee schedules.

20.     Throughout his employment with Defendant, it was a commonly accepted practice for Department Leaders to set their own schedules.

21.     On or about July 30, 2024, in the course and scope of his employment, Plaintiff suffered an ankle injury at work and thereafter commenced the Workers' Compensation process.

22.     Plaintiff's ankle injury required surgery, which was scheduled for August 30, 2024.

23.     Plaintiff's ankle injury constitutes a disability within the meaning of the ADA and PHRA in that is substantially limits one or more major life activities.

24.     In or about September 2024, Plaintiff returned to work and requested a reasonable accommodation that would allow him to work four (4) hour shifts.

25.     As was commonplace for Department Leaders, Plaintiff set his own schedule to comply with his accommodations, which Defendant had expressly granted.

26.     In or about November 2024, Plaintiff's restrictions were modified to allow him to work six (6) hour shifts.

27.     Shortly before the Thanksgiving holiday in November 2024, however, Defendant informed Plaintiff he would now be required to submit formal requests to make adjustments to his own schedule.

28.     Thereafter, Plaintiff submitted formal requests for every schedule adjustment as requested.

29.     On or about December 20, 2024, Plaintiff returned to work full-time but requested a reasonable accommodation that would allow him to sit and elevate his legs as needed and provided Defendant with medical certifications stating the same.

30. Plaintiff also notified Defendant that his wife had an upcoming surgery related to her cancer that was in the process of being scheduled and that he would need to request time off to care for her.

31. By way of background, after Plaintiff's wife had initially been diagnosed with cancer, Plaintiff had previously taken FMLA leave to care for her for approximately one (1) week in or around March 2024.

32. In doing notifying Defendant of his need for leave in relation to his wife's pending surgery, Plaintiff placed Defendant on notice of his need for FMLA leave.

33. On or about December 21, 2024, Defendant informed Plaintiff it was terminating his employment due to an alleged violation of company policy regarding the adjustment he had made to his own schedule prior to being informed in or about November 2024 that he would need to submit formal requests to do so.

34. As stated above, however, it had long been an accepted practice for Department Leaders to make adjustments to their own schedules, and Plaintiff had complied with the requirement to submit formal requests for each schedule adjustment since being asked to do so approximately one (1) month earlier.

35. As a result of Defendant's actions, Plaintiff was prevented from exercising his right to up to twelve (12) weeks of protected leave under the FMLA.

36. It is believed and therefore averred that Defendant terminated Plaintiff's employment in retaliation for exercising and/or attempting to exercise his rights under the FMLA.

37. It is further believed and therefore averred that Defendant discriminated against Plaintiff by failing to accommodate his request(s) for reasonable accommodations, and by unlawfully terminating his employment on the basis of his disabilities and in retaliation for his

requests for reasonable accommodations in connection with the same, in violation of the ADA and PHRA, as well as in retaliation for filing a Workers Compensation claim in violation of Pennsylvania Common Law.

38.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential benefits, and other economic damages.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. 2601, *et seq.*
### INTERFERENCE AND RETALIATION

39.    The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

40.     Defendant is a "covered employer" under the FMLA and employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of (20) or more calendar weeks in 2026, 2025, and 2024.

41.    Plaintiff was an eligible employee under the FMLA and was entitled to take up to twelve (12) weeks of unpaid leave in order to care for his serious health conditions.

42.    Plaintiff provided adequate notice to Defendant of his need for leave under the FMLA by giving notice as soon as he became aware of the need and as soon as was practicable.

43.    Defendant violated the FMLA by terminating Plaintiff for attempting to take FMLA-qualifying leave and/or in retaliation for exercising his rights under the FMLA.

44.    The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

45.    As a result of Defendant's actions, Plaintiff has suffered significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant, and grant him the maximum relief allowed by the law, including, but not limited to:

1)      Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

2)      Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

3)      Liquidated damages;

4)      Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

5)      Pre-judgment interest in an appropriate amount; and

6)      Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, <u>et seq.</u>**
**<u>DISCRIMINATION, FAILURE TO ACCOMMODATE, & RETALIATION</u>**

46.      The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

47.      At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, <u>et seq.</u>

48.      At all times relevant hereto, Defendant had at least fifteen (15) employees.

49.      Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities, as his ankle injury substantially limited his ability to engage in one or more major life activities for an extended period of time.

7

50.     Despite his disability, Plaintiff would have been able to perform the essential functions of his job with or without a reasonable accommodation.

51.     Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

52.     By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff because of his actual and/or perceived disabilities and because of his record of disability/impairment.

53.     Additionally, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff in retaliation for his request(s) for a reasonable accommodation in connection thereto.

54.     Additionally, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage, in good faith, in the interactive process to determine a reasonable accommodation and by failing to accommodate Plaintiff upon learning of Plaintiff's request(s) and/or need for accommodation(s).

55.     As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of earnings, earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B.      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

## COUNT III
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, et seq.
## DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

56.      The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

57.      Plaintiff is a qualified individual with a disability/handicap within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq. and as such is a member of a class protected under the PHRA from unlawful discrimination and/or retaliation.

58.      As described above, Plaintiff's disability substantially limits Plaintiff in one or more major life activities.

59.      Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

60.      Plaintiff requested a reasonable accommodation in connection with his disability.

61.      Defendant failed to accommodate Plaintiff's reasonable request for accommodations in connection with his disability.

62.      By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, violated the PHRA by terminating Plaintiff because of his actual and/or perceived

9

disabilities, his past record of impairment/disability, because it regarded him as being disabled within the meaning of the PHRA, and/or in retaliation for requesting a reasonable accommodation for his disability.

63.    Additionally, Defendant, through its agents, officers, servants, and/or employees, has violated the PHRA by failing to engage, in good faith, in the interactive process to determine a reasonable accommodation and by failing to accommodate Plaintiff upon learning of Plaintiff's request(s) and/or need for accommodation(s).

64.    As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C.    Pre-judgment interest in an appropriate amount; and

D.    Such other and further relief as is just and equitable under the circumstances; and,

E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT IV**
**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**
**PENNSYLVANIA COMMON LAW**

65.     The preceding paragraphs are hereby incorporated by reference as though the same were full set forth at length herein.

66.     On or about July 30, 2024, during the course and scope of his employment, Plaintiff suffered a work-related injury.

67.     Plaintiff sought and received workers' compensation benefits for his July 30, 2024, workplace injury, for which Defendant retaliated against him.

68.     Defendant unlawfully violated the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully and retaliatorily terminating Plaintiff's employment for availing himself of the benefits under the Pennsylvania Worker's Compensation Act.

69.     Plaintiff's termination was in violation of public policy pursuant to Pennsylvania common law.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant, and grant him the maximum relief allowed by the law, including, but not limited to:

7)     Economic damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

8)     Compensatory damages and lost benefits;

9)     Punitive damages for Defendant's discriminatory practices which were committed with malicious and reckless indifference to Plaintiff's rights;

10)     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law;

11)     Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

12)     Pre-judgment interest in an appropriate amount; and

13)     Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:     /s/ *Johannes Hoffman*
        Johannes Hoffman, Esq.
        Michael Murphy, Esq.
        Eight Penn Center, Suite 1803
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        jhoffman@phillyemploymentlawyer.com
        murphy@phillyemploymentlawyer.com
        Attorneys for Plaintiff

Dated: June 24, 2026

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.